UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JOSE QUIRINDONGO,** *Plaintiff* § § § § § | |
| v. § § § § | CASE NUMBER: 1:24-cv-00385 DEMAND FOR JURY TRIAL |
| **LVNV FUNDING, LLC,** *Defendant.* § § | |

### PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1. Plaintiff, Jose Quirindongo, ("Plaintiff" or "Quirindongo" herein), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") against Defendant, LVNV Funding, LLC ("LVNV" and/or "Defendant" herein).

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a).

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the underlying acts and transactions occurred in this district and Defendant transacts business in this district.

1

## STANDING

4. Plaintiff suffered an injury in fact that is traceable to LVNV's conduct that is likely to be redressed by a favorable decision in this matter. Plaintiff further suffered a concrete injury because of Defendant's violations contained herein, including, and not limited to inaccurate credit reporting that is published to third parties.

5. Plaintiff suffered a concrete economic injury to the extent that he has viable claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

## THE PARTIES

6. Plaintiff, Jose Quirindongo, is an individual who resides in Travis County, Texas.

7. Defendant, LVNV Funding, LLC, is a foreign corporation that is authorized to do business in Texas. Service may be completed on the following registered agent:

> Corporation Service Company D/B/A CSC-Lawyers Incorporated
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

## FACTUAL ALLEGATIONS

8. On or about February 16, 2024, LVNV initiated a lawsuit ("Lawsuit" herein) in Travis County Justice of the Peace Precinct #1 against Plaintiff in connection to a purported credit card debt styled: *LVNV Funding, LLC v. Jose Quirindongo,* Cause Number J2-CV-24-001110, Travis County Justice of the Peace #1 (See Exhibit A- abridged copy of the lawsuit).

9. On or about February 26, 2024, Plaintiff thereafter filed an answer and served a copy of the answer on counsel for LVNV (See Exhibit B).

10. On February 27, 2024, Plaintiff filed and served on counsel for LVNV a Motion to Conduct Discovery (in accordance with TRCP 500.9). Moreover, in the body of the Motion, Plaintiff specifically disputed the underlying debt ("Alleged Debt" herein) in the Motion (See Exhibit C).

11. Notwithstanding the ongoing dispute of the Alleged Debt in the Lawsuit, on or about March 5, 2024, LVNV communicated to Transunion information regarding the Alleged Debt. However, LVNV failed to communicate to Transunion that there was a dispute of the Alleged Debt.

12. Plaintiff is a "consumer" as that term is defined by §1692a (3) of the FDCPA. The Lawsuit suggests that Plaintiff incurred the Alleged Debt for goods and services used for personal, family or household purposes - by and a Citibank credit card.

13. The Alleged Debt(s) is a "debt" as that term is defined by §1692a (5) of the FDCPA.

14. Plaintiff alleges that LVNV acquired the Alleged Debt after a charge off/default by Plaintiff (Exhibit A).

15. LVNV regularly collects or attempts to collect defaulted consumer debts using the telephone and mail. LVNV is a "debt collector" as that term is defined by 15 U.S.C. §1692a (6) of the FDCPA.

16. The communication to Transunion was a "communication" as that term is defined in 15 U.S.C. §1692a (2).

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692 e

17. Plaintiff re-alleges the above-referenced paragraphs.

18. 15 U.S.C. §1692(e) of the FDCPA provides as follows:

> **False or misleading representations**
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;**

19. Plaintiff disputed the Alleged Debt by filing in a public forum and by serving on counsel for LVNV the answer and discovery requests in the Lawsuit (Exhibits B-C).

20. LVNV violated section e (8) by transmitting information regarding the Alleged Debt to Transunion on about March 5, 2024, but failing to communicate a dispute of the Alleged Debt.

21. The FDCPA is a strict liability statute, and only one violation of the FDCPA is necessary to establish civil liability. *See In re Eastman*, 419 B.R. 711, 728 (Bankr.W.D. Tex. 2009) (stating that a false representation need not be intentional to be actionable under 1692e (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F.Supp. 609, 613 (D. Nev. 1997)). As such, "the defendant's culpability is a consideration only in computing damages under the FDCPA." *Pittman*, 969 F.Supp. at 613 (citing 15 U.S.C. 1692k(b)).

4

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692 f

22. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

23. 15 U.S.C. §1692(f) of the FDCPA provides as follows:

> **UNFAIR PRACTICES**
>
> **(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

24. In the alternative, Plaintiff alleges that the filing of the underlying state court lawsuit to collect the Alleged Debt and the transmission of inaccurate credit information demonstrate unfair and unconscionable conduct in violation of 15 U.S.C. §1692f.

## REQUEST FOR ATTORNEYS' FEES

25. Plaintiff seeks reasonable attorneys' fees FDCPA and any other legal basis.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jose Quirindongo, respectfully prays that the Defendant, LVNV Funding, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, LVNV Funding, LLC, as follows:

a. The Court award Plaintiff actual and statutory damages pursuant to 15 U.S.C. §1692(k)(a)(1) and (a)(2);

b. The Court award Plaintiff, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

c. The Court award Plaintiff, prejudgment, and post judgment interest as allowed by law;

d. The Court grant Plaintiff, such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Jose Quirindongo*